# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELISA NILI CIRILO PERES BEN-RAFAEL,
Individually and as Next of Kin of Yonatan Mishael
Ben-Rafael and Noa Ben-Rafael, minors, and as
Executor of the Estate of David Ben-Rafael
c/o ROLAND ROTH
33 Jaffa Street
Jerusalem Israel

RALPH I. GOLDMAN, Individually and as Executor
of the Estate of Helen Goldman
c/o ROLAND ROTH
33 Jaffa Street
Jerusalem Israel

JUDITH GOLDMAN BAUMGOLD
c/o ROLAND ROTH
33 Jaffa Street
Jerusalem Israel
    and

NAOMI GOLDMAN
215 East 68th Street, #6R
New York, New York

    Plaintiffs

    v.

ISLAMIC REPUBLIC OF IRAN
c/o Ministry of Foreign Affairs of the Islamic
Republic of Iran
Ebn e Sina Street
Emam Khomeini Square
Tehran, Iran

MINISTRY OF INFORMATION
AND SECURITY OF IRAN
Pasdaran Avenue
Golestan Yekom
Tehran, Iran

Civil Action No. _____

RELATED ACTION UNDER
28 U.S.C § 1605A

141590_1.DOC

NATIONAL IRANIAN OIL COMPANY

Hafez Crossing, Taleghani Avenue

Tehran, Iran

       and

ALAVI FOUNDATION

500 Fifth Avenue
New York, New York 10110-0397

BANK SADERAT, IRAN

P.O. Box 15745 – 631
Bank Saderat Tower
43 Somayeh Avenue
Tehran, Iran

BANK MELLI IRAN

Ferdowsi Avenue
P.O. Box 11365 – 171
Tehran, Iran

BANK SEPAH IRAN

7th Floor Bank Sepah Building
Imam Khomeini Square
Tehran, Iran

MINISTRY OF DEFENSE AND SUPPORT OF THE
ISLAMIC REPUBLIC OF IRAN

West Side of Duhestran Street
Abbas Ahad District
Tehran, Iran

       and

ISLAMIC REVOLUTIONARY GUARD CORPS

c/o Ministry of Foreign Affairs of the Islamic
Republic of Iran

Ebn e Sina Street
Tehran, Iran

## COMPLAINT

Plaintiffs Elisa Nili Cirilo-Peres Ben-Rafael, individually, as parent and next of kin of

minors Yonatan Mishael Ben-Rafael and Noa Ruth Ben-Rafael, and as Executor of the Estate of

David Ben-Rafael, Ralph I. Goldman, individually and Executor of the Estate of Helen

Goldman, Judith Goldman Baumgold and Naomi Goldman, hereby sue the Islamic Republic of

Iran and the Ministry of Information and Security of Iran, ("collectively Defendants") for money

damages.  In addition the Plaintiffs seek declaratory and equitable relief against the Defendants

National Iranian Oil Company ("NIOC") ,Alavi Foundation ("Alavi Foundation"), Bank Saderat,

Iran ("Bank Saderat"), Bank Melli of Iran ("Bank Melli"), Bank Sepah Iran ("Bank Sepah")  the

Ministry of Defense And Support For The Armed Services of the Islamic Republic of Iran

(MOD") and the Islamic Revolutionary Guard Corps ("IRGC") pursuant to the statutory

supplemental jurisdiction of this Court.  The Defendants NIOC, Alavi Foundation, Bank Suderat,

Bank Melli, Bank Sepah, MOD and IRGC shallbe referred to hereafter as "Relief Defendants."

In support of their causes of action, Plaintiffs state as follows:

## INTRODUCTION

This action is brought under the grant of subject matter jurisdiction contained in the

recently enacted 28 U.S.C. § 1605A(a)(1), (2).  This action shall be referred to as the "New

Related Action."  This New Related Action is related to a prior action brought by the same

Plaintiffs against the Defendants Islamic Republic of Iran ("Iran") and the Ministry of

Information Iran Security of Iran ("MOIS"). The prior action (hereafter, the "Underlying Action") was styled Elisa Nili Cirilo Cirilo Peres-Ben Rafael, et al v. Islamic Republic of Iran, et al Civil Action No. 06-00721 (ESH). This Court obtained subject matter jurisdiction in the Underlying Action pursuant to 28 U.S.C. § 1605(a)(7). On January 28, 2008, 28 U.S.C. § 1605A became law and superseded § 1605(a)(7). On February 25, 2008, this Court entered a Default Judgment in the Underlying Action against the Defendants Iran and MOIS and in favor of each of the Plaintiffs ("Underlying Judgment"). A copy of the Underlying Judgment is attached hereto as Exhibit A. The Underlying Judgment remains completely unsatisfied. Section 1605A is part of the so called National Defense Authorization Act for Fiscal Year 2008 which was signed into law by President Bush, effective on January 28, 2008 ("NDAA"). In addition to creating additional grounds for federal courts to assert subject matter jurisdiction involving terrorism by state sponsors, NDAA also *inter alia* created for the first time a federal private right of action against a foreign state which sponsors terrorism. See § 1605(A)(c). In addition the NDAA provides for the first time a panoply of remedies or remedial provisions which vastly enhance the ability of and the potential to collect money damages for actions brought under § 1605A ("the Panoply"). The Panoply is found in the amended version of 28 U.S.C. § 1610(g) and elsewhere in the NDAA. See, 28 U.S.C. § 1605A (g), § 1610(g).

The filing of this New Action is made necessary by the Plaintiffs' desire to have the Underlying Judgment confirmed through a judgment to be issued in the New Action so as to qualify such judgment (in the same identical amount of money for each Plaintiff as previously entered by this Court in the Underlying Action) as a judgment under § 1605A. In turn a § 1605A judgment will entitle the Plaintiffs to resort to the Panoply which otherwise would be unavailable as a matter of law to the Plaintiffs. Plaintiffs' desire to avail themselves of the Panoply is by no

means academic.  By way of example, each Relief Defendant named in this action has been sued here in order to obtain a declaratory judgment ancillary to the § 1605A money damages so as to subject the property of each Relief Defendant that it is an agency or instrumentality of Iran or a part of the "foreign state" of Iran under the current version of 28 U.S.C. § 1610(g) to attachment in aid of execution and execution on the Plaintiffs' § 1605A judgment to be obtained in the New Action.

The Plaintiffs will not introduce any new evidence of liability or damages as to Iran and MOIS.  Instead they will rely on the *res judicata* affect of the Underlying Judgment as to Defendants Iran and MOIS and seek confirmation of that judgment by having it entered here as a § 1605A judgment.

## JURISDICTION AND VENUE

1.      Jurisdiction over the subject matter of this case arises under 28 U.S.C. §§ 1330(a), 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  The Defendants are subject to suit for money damages in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1605(A)(1).  This action arises under the laws of the United States of America.  As set forth below, this action is one related to a prior action before this Court which was brought pursuant to the jurisdictional grant contained in the former 28 U.S.C. 1605(a)(7) which has been superseded by 28 U.S.C. § 1605A(1), (2).

2.      Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(f)(4).

3.      This is an action brought by the duly appointed Executor of the Estate of David Ben-Rafael and the immediate family members of the late David Ben-Rafael stemming from the May 19, 1992 bombing of the Embassy of the State of Israel in Buenos Aires, Argentina during which the Decedent, a duly accredited Israeli diplomat serving in Argentina, was killed in a

terrorist attack by Hezbollah terrorists trained, sponsored, supported and materially assisted by Defendants Islamic Republic of Iran ("Iran") and the Ministry of Information and Security of Iran ("MOIS").

## THE PARTIES

4.     David Ben-Rafael ("Decedent") was a citizen and domiciliary of the State of Israel on May 19, 1992, when he was killed in a massive explosion that destroyed the building housing Israel's Embassy in Buenos Aires, Argentina ("Embassy Bombing"). At the time, the Decedent served in the embassy building as an official Israeli Foreign Service diplomat duly accredited to Argentina. The Decedent was born a citizen of the United States in the State of New Jersey on September 30, 1948. He retained United States citizenship continuously until sometime in late 1984 or early 1985 when he voluntarily surrendered it because his employer Israel's Foreign Ministry had posted him to serve in the United States. No foreign diplomatic posted to the United States may hold United States citizenship.

5.     The Plaintiff Elisa Nili Cirilo-Peres Ben-Rafael ("Elisa") was born a citizen of the United States and has been continuously and uninterruptedly a citizen of the United States. Elisa was the lawful wife of the Decedent. She is a Plaintiff in this action (i) in her individual capacity as the wife of the Decedent, (ii) in her capacity as Executor of the Decedent's estate under the laws of the State of Israel, and (iii) as the natural mother and next of kin of the minor children of the Decedent-Yonatan Mishael Ben-Rafael and Noa Ruth Ben-Rafael. At all times relevant to this action, Elisa has been domiciled in Israel.

6.     The minor Yonatan Mishael Ben-Rafael ("Yonatan") was born a citizen of the United States on June 16, 1991. He is the natural child of the Decedent and of Elisa. He has been continuously from birth a citizen of the United States. At all times relevant to this action Yonatan has been domiciled in Israel.

7.    The minor Noa Ruth Ben Rafael ("Noa") was born a citizen of the United States on November 20, 1988.  She is the natural child of the Decedent and of Elisa.  She has been continuously from birth a citizen of the United States.  At all times relevant to this action, Noa has been domiciled in Israel.

8.    Plaintiff Ralph I. Goldman is the natural father of the Decedent.  He is a naturalized citizen of the United States as well as a citizen of the State of Israel.  At all times relevant to this action, Plaintiff Ralph I. Goldman ("R. Goldman") was a domiciliary of the State of New York.

9.    In addition to bringing this action individually, Plaintiff R. Goldman brings this action in his capacity as the duly appointed Executor of the Israeli estate of Helen Goldman.  Helen Goldman was the biological mother of the Decedent.  At all times relevant to this action, Helen Goldman was a citizen of the United States and of Israel and a domiciliary of the State of New York.

10.    The Plaintiff Judith Goldman Baumgold ("Baumgold") was born a citizen of the United States on October 15, 1944.  She has maintained continuous and uninterrupted United States citizenship from birth.  At all times relevant to this action, Baumgold has been a domiciliary of Israel.  Baumgold is the natural child of the Plaintiff R. Goldman and of the late Helen Goldman and is the sister of the Decedent.

11.    The Plaintiff Naomi L. Goldman ("Naomi") was born a citizen of the United States on April 1, 1955.  She has maintained continuous and uninterrupted United States citizenship and is a domiciliary of the State of New York.  Naomi is the natural child of Plaintiff R. Goldman and of the late Helen Goldman and is the sister of the Decedent.

12.    Defendant Islamic Republic of Iran ("Iran") is a foreign state which has been designated since January 19, 1984, as a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979, 50 U.S.C. App. § 2405(j), and Section 620A of the Foreign Assistance Act of 1961, 22 U.S.C. § 2371. Iran routinely provides material support and resources to Hezbollah, a politico-paramilitary terrorist organization operating in the Middle East and in other parts of the world, including but not limited to Argentina. At all times relevant, Iran sponsored Hezbollah, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, by providing it with funding, direction, training and other assistance for its terrorist activities against Israel and its citizens committed in Israel, and as well as in other parts of the Middle East and in countries outside of the Middle East, including Argentina. These terrorist activities have been undertaken to promote Islamic fundamentalism and to further the support of Iran's state sponsored terrorism agenda.

13.    Defendant Ministry of Information and Security of Iran ("MOIS") operates, *inter alia*, as an intelligence service and a conduit for terrorism, and functions both within and beyond Iran's territory. MOIS is an "agency or instrumentality" of Iran. At all times relevant to this action, Hezbollah acted as agent of Defendant Iran and MOIS respectively. At all times relevant to this action, MOIS acted as an agent of the Islamic Republic of Iran and performed certain acts within the scope of its agency, within the meaning of 28 U.S.C. § 1605(a)(7). Specifically, MOIS acted as a conduit for the Islamic Republic of Iran's provision of funds, training, direction and material assistance to Hezbollah for its terrorist activities in Lebanon, Argentina, Israel and elsewhere, including the actions relating to the Embassy Bombing.

14.    Plaintiffs have already sued the Defendants in this Court in action under the now superseded 28 U.S.C. § 1605(a)(7). That action was styled <u>Elisa Nili Cirilo Peres Ben-Rafael v.</u>

Islamic Republic of Iran, Civil Action No. 06-00721 (ESH) ("Underlying Action"). Judgment by default was entered in the Underlying Action by this Court on February 25, 2008 ("Underlying Judgment").

15.    The Relief Defendant NIOC is an "agency or instrumentality" of Iran within the meaningof 28 U.S.C. § 1603(b) of the Foreign Sovereign Immunities Act ("FSIA"), as modified by the newly enacted 28 U.S.C. § 1610(g).

16.    The Relief Defendant Alavi Foundation is a non-profit corporation established pursuant the laws of the State of New York and whose principal place of business is in the State of New York.

17.    The Relief Defendant Bank Saderat Iran ("Bank Saderat") is a banking entity established pursuant to the laws of Defendant Iran. Upon information and belief Bank Saderat has conducted, certain types of business activities in the United States of America.

18.    The Relief Defendant Bank Melli, Iran ("Bank Melli") is a banking entity established pursuant to the laws of Defendant Iran. Upon information and belief Bank Melli has conducted certain business activities in the United States of America.

19.    The Relief Defendant Bank Sepah, Iran ("Sepah") is a banking entity established pursuant to the laws of the Defendant Iran. Upon information and belief Bank Sepah has conducted certain business activities in the United States of America.

20.    The Relief Defendant MOD was established under the laws of Iran. It serves primarily as the defense ministry of the "foreign" state of Iran.

21.    The Relief Defendant IRGC in an independent entity which functions under the current structure of Defendant Iran. Upon information and belief it serves as a paramilitary

organization and owns, as well as operates certain commercial enterprises inside and outside of Iran.

## COUNT I

### (Confirmation/Entry of § 1605A Judgment)

22.    The Plaintiffs incorporate herein by reference all material allegations contained in Paragraphs 1 – 21, as if fully set forth herein.

23.    The Underlying Judgment arises out of the extra judicial killing of the Decedent by Hezhollah with the material assistance and support of the Defendants Iran and MOIS as specifically determined by this Court in its findings contained in a Memorandum Opinion issued simultaneous recently with the Underlying Judgment in the Underlying Action.

See, id, Findings, p. 7-9

24.    Section 1083(c)(3) of the NDAA expressly permits the filing of this related action which also arises out of the same act or incident as the said extrajudicial killing of the Decedent.

25.    By virtue of the *res judicata* effect of the Underlying Judgment, Plaintiffs are entitled to the entry of § 1605A money judgments on their behalf, in the exact amounts awarded in the Underlying Judgment. See, Exhibit A.

## COUNT II

### (Declaratory Judgment-Amenability of
### NIOC's Assets To ExecutionUpon § 1605(A) Judgment)

26.    The Plaintiffs incorporate herein by reference all material obligations obtained in Paragraphs 1-25  and further allege as follows:

27.     The NDAA contains certain "Conforming Amendments" See, 28 U.S.C. 1605A(b).  One of the Conforming Amendments is intended to and operates to amend 28 U.S.C. § 1610 by adding at the end thereof the following relevant language:

(g) PROPERTY IN CERTAIN ACTIONS

(1) IN GENERAL – Subject to paragraph (3) the property of a foreign state against which a judgment is entered under § 1605A, and the property of an agency or instrumentally of such state, including property that is separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution upon that judgment as provided in this section, regardless of

\*        \*        \*        \*        \*

28.     By virtue of new § 1610 (g), the Judgment may be executed against any property of an "agency or instrumentality" Iran, irrespective of whether said agency or instrumentality is a judgment debtor along with the Defendants Iran and MOIS in the Underlying Action.

29.     NIOC is an agency or Instrumentality of Iran, as it has a separate legal existence from Defendant Iran under Iranian law, is not a citizen of the United States or of any country other than Iran.  NIOC is either an organ of Iran or it has a majority of its shares of stock or other ownership interest owned by Defendant Iran or a political subdivision of Iran.

30.     There exists a real and justiciable controversy as to the status of NIOC as an "agency or instrumentality" of the "foreign state" of Iran.  This dispute and the resulting uncertainty over the status of Relief Defendant NIOC require resolution by means of a declaratory judgment.

## COUNT III

**(Declaratory Judgment-Amenability of Alavi Foundation's Assets To Execution Upon Plaintiffs' § 1605(A) Judgment)**

31.     The Plaintiffs incorporate herein by reference all material allegations contained in Paragraphs 1-30 hereof and further allege as follows.

32.     The Relief Defendant Alavi Foundation although established as a separate entity under the laws of the State of New York is an <u>alter ego</u> of Iran in which the Defendant Iran has an "interest held directly or indirectly" within the meaning of 28 U.S.C. § 1610(g)(1).  In addition, upon information and belief Defendant Iran established and continues to operate and maintain the Relief Defendant Alavi Foundation as a separate entity in a manner which entitles the Defendant Iran to benefits in the Untied States courts while avoiding its obligations within the meaning of 28 U.S.C. § 1610(g)(E).  Specifically, the Alavi Foundation by being established and functioning as a separate New York State non-profit corporate entity enables Defendant Iran to avoid its Underlying Judgment obligation and any § 1605A judgment debt, by asserting that but for § 1610(g)(E)'s application it is not an "agency or instrumentality "of Iran as defined in § 1603(b) of the FISA.

33.     There exists a real and justiciable controversy as to the status of Defendant Alavi Foundation for purposes of the amenability of its assests/property to execution pursuant to the § 1605A Judgment(s) to be entered by this Court in this action.  Said controversy and resulting uncertainty require resolution by way of a declaratory judgment.

## COUNT IV

### (Declaratory Judgment Amenability of Bank Saderat's Assets to Execution Upon § 1605A Judgment)

34.    The Plaintiffs incorporate herein by reference all material allegations contained in Paragraphs 1-33 hereof and further allege as follows:

35.    Relief Defendant Bank Saderat is an "agency or instrumentality" of the "foreign state" of Iran for purposes of the amenability of its property and assets for execution under of the § 1605(A) judgment(s) to be entered by the Court in this action.  Nevertheless, there exists a real and justiciable controversy as to whether Relief Defendant Bank Sederat is an "agency or instrumentality" of Iran.  Its resolution requires a declaratory judgment of this Court.

## COUNT V

### (Declaratory Judgment-Amenability of Bank Melli's Assets to Execution Upon § 1605A Judgment)

36.    The Plaintiffs incorporate herein by reference all material allegations set forth in Paragraphs 1-35 hereof and further allege as follows:

37.    Relief Defendant Bank Melli is an "agency or instrumentality" of the "foreign state of Iran for purposes of the amenability of its property and assets for execution under of the § 1605(A) judgment(s) entered by the Court in this action.  Nevertheless, there exists a real and justiciable controversy as to whether Relief Defendant Bank Melli is an "agency or instrumentality" of Iran.  Its resolution requires a declaratory judgment of this Court.

## COUNT VI

### (Declaratory Judgment-Amenability of Bank Sepah Assets to Execution Upon § 1605A Judgment)

38.     The Plaintiffs incorporate herein by reference all material allegations contained in Paragraphs 1-37 hereof and further allege as follows:

39.     Relief Defendant Bank Sepah is an "agency or instrumentality" of the "foreign state" of Iran for purposes of the amenability of its property and assets for execution under of the § 1605(A) judgment(s) entered by the Court in this action.  Nevertheless, there exists a real and justiciable controversy as to its status as an "agency or instrumentality of Iran.  Its resolution requires a declaratory judgment of this Court.

## COUNT VII

### (Declaratory Judgment-Amenability of MOD's Assets to Execution on § 1605A Judgment)

40.     The Plaintiffs incorporate herein by reference all material allegations set forth in Paragraphs 1-39 and further allege as follows:

41.     The Relief Defendant MOD is an "agency or instrumentality" of Iran.  Upon information and belief MOD is established pursuant to the laws of Iran is an organ of Defendant Iran and functions as a separate juridical entity.  It is neither a citizen of a state of the United States, nor was it created under the laws of a country other than Iran.

42.     There exists a real and justiciable controversy as to whether MOD is an "agency or instrumentality" of Iran for purposes of 28 U.S.C. § 1603(b), as modifiedby § 1610(g)(1) or

14

whether MOD is part and parcel of the "foreign state" of Iran. This controversy and the resulting uncertainty over MOD's status require resolution by way of declaratory judgment.

## COUNT VIII

### (Declaratory Judgment-Amenability of IRGC Assets to Execution on § 1605A Judgment)

43.    The Plaintiffs incorporate herein by reference all material allegations set forth in Paragraphs 1 - 41 hereof and further allege as follows

44.    Upon information and belief the Defendant IRGC functions as an entity independent from the "foreign" state of Iran. Upon information and belief it is a separate legal person from Defendant Iran. IRGC is an organ or political subdivision of Iran and, is neither a citizen of a state of the United States nor created under the laws of any country other than Defendant Iran.

45.    There exists a real and genuine controversy as to whether IRGC is an "agency or instrumentality" of Iran or whether it is part and parcel thereof. The resolution of this controversy and the resulting uncertainty require a declaratory judgment of this Court.

## REQUESTS FOR RELIEF

The Plaintiffs request this Court to grant the following relief:

1.    As to Count I, to enter a § 1605A money judgment(s) as follows:

a)    In favor of Plaintiff Elisa Nili Cirilo Peres Ben-Rafael and against the Defendant Iran and MOIS jointly and severally in the amount of $13,516,839.00, including $5,000,000.00 to said Plaintiff for intentional infliction of emotional distress, $4,875,000.00 for prejudgment interest, and

$3,731,839.00 to said Plaintiff as execution of the estate of her husband, David Ben-Rafael for his wrongful death, plus  post judgment interest from February 25, 2008 until the entry of a money judgment in this New Action.

  b)     Plaintiff Elisa Nili Cirilo Peres Ben-Rafael in her capacity as guardian of her minor son, Yonatan Mishael Ben-Rafaeldamages for the sole benefit of the minor child in the amount of $9,785,000.00, including $5,000,000.00 for intentional infliction of emotional distress and $4,785,000.00 for prejudgment interest, plus post judgment interest since February 25, 2008 until the entry of a money judgment in this New Action.

  c)     Plaintiff Ralph I. Goldman for damages in the amount of $19,570,000.00, including $5,000,000.00 to plaintiff in his individual capacity for intentional infliction of emotional distress, $4,785,000.00 to plaintiff as executor of the estate of his wife, Helen Goldman, for prejudgment interest, $5,000,000.00 to plaintiff as executor of the estate of his wife, Helen Goldman, for intentional infliction of emotional distress, and $4,785,000.00 to plaintiff as executor of the estate of his wife, Helen Goldman, for prejudgment interest, plus post judgment interest on these amounts since February 25, 2008 until the entry of a money judgment in this New Action.


  d)     Plaintiff Noa Ruth Ben-Rafael for damages in the amount of $9,785,000.00, including $5,000,000.00 for intentional infliction of emotional distress and $4,785,000.00 for prejudgment interest, plus post judgment interest

on these amounts since February 25, 2008. until the entry of a money judgment in this New Action

e)    Plaintiff Judith Goldman Baumgold for damages in the amount of $4,892,500.00, including $2,500,000.00 for intentional infliction of emotional distress and $2,392,500.00 for prejudgment interest, plus post judgment interest on these amounts since February 25, 2008 until the entry of a money judgment in this New Action.

f)    Plaintiff Naomi L. Goldman for damages in the amount of $4,892,500.00, including $2,500,000.00 for intentional infliction of emotional distress and $2,392,500.00 for prejudgment interest, plus post judgment interest on these amounts since February 25, 2008 until the entry of a money judgment in this New Action.

2.    As to Count II, to declare, adjudge and decree that (i) Relief Defendant NIOC is an agency or instrumentality of Iran for purposes of the amenability of its assets to attachment in aid of execution and execution on any money judgment under § 1605(A) entered in this action on behalf of Plaintiffs or (ii) alternatively that NIOC is part and parcel of the state of Iran and its assets are amenable to attachment in aid of execution and execution on any § 1605A judgment as entered in this action.

3.    As to Count III to declare, adjudge and decree that (i) Relief Defendant Alavi Foundation is an agency or instrumentality of Iran, for purposes of the amenability of its

assets to attachment in aid of execution and execution on any money judgment under § 1605A entered in this action on behalf of Plaintiffs, or (ii) alternatively that Defendant Alavi Foundation is part and parcel of the foreign state of Iranand its assets are amenable to attachment in aid of execution and execution on any § 1605A judgment as entered in this action.

4.      As to Count IV to declare, adjudge and decree that (i) Defendant Bank Saderat is an agency or instrumentality of Iran, for purposes of the amenability of its assets to attachment in aid of execution and execution on any money judgment under § 1605A entered in this action on behalf of Plaintiffs, or (ii) alternatively that Defendant Bank Saderat is part and parcel of the foreign state of Iran and its assets are amenable to attachment in aid of execution and execution on any § 1605A judgment as rendered in this action,

5.      As to Count V to declare, adjudge and decree that (i) Defendant Bank Melli is an agency or instrumentality of Iran, for purposes of the amenability of its assets to attachment in aid of execution and execution on any money judgment under § 1605A entered in this action on behalf of Plaintiffs, or (ii) alternatively that Defendant Bank Melli is part and parcel of the foreign state of Iran and its assets are amenable to attachment in aid of execution and execution on any § 1605A judgment as entered in this action.

6.      As to Count VI to declare, adjudge and decree that (i) Defendant Bank Sepah is an agency or instrumentality of Iran, for purposes of the amenability of its assets to attachment in aid of execution and execution on any money judgment under § 1605A entered in this action on behalf of Plaintiffs, or (ii) alternatively that Defendant Bank Sepah is part and parcel of the foreign state of Iran and  its assets are amenable to attachment in aid of execution and execution on any § 1605A judgment as entered in this action.

7.      As to Count VII to declare, adjudge and decree that (i) Defendant MOD is an agency or instrumentality of Iran, for purposes of the amenability of its assets to attachment in aid of execution and execution on any money judgment under § 1605A entered in this action on behalf of Plaintiffs, or (ii) alternatively that Defendant MOD is part and parcel of the foreign state of Iran and its assets are amenable to attachment in aid of execution and execution on any § 1605A judgment as entered in this action.

8.      As to Count VIII to declare, adjudge and decree that (i) Defendant IRGC is an agency or instrumentality of Iran, for purposes of the amenability of its assets to attachment in aid of execution and execution on any money judgment under § 1605A entered in this action on behalf of Plaintiffs, or (ii) alternatively that Defendant IRGC is part and parcel of the foreign state of Iran and its assets are amenable to attachment in aid of execution and execution on any § 1605A judgment as entered in this action.

9.      Grant such other and further relief, as the Court deems necessary and appropriate.


Dated:  April 25, 2008



Emil Hirsch (DC Bar No. 930479)
O'Connor & Hannan, LLP
1666 K Street, N.W., Suite 500
Washington, D.C.  20006-2803
Telephone:  (202) 887-1400
Facsimile:  (202) 466-3215
Email: ehirsch@oconnorhannan.com
Attorneys for Plaintiffs

Philip S. Friedman (D.C. Bar No. 421854)
Friedman Law Offices, PLLC
2401 Pennsylvania Avenue, N.W.
Suite 410
Washington, DC 20037
Telephone:  (202) 293-4175
Facsimile:  (202) 318-0395
Email: psf@consumerlawhelp.com
Attorney for Plaintiffs

**EXHIBIT  A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELISA NILI CIRILO PERES BEN-RAFAEL, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.  06-00721 (ESH) |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## DEFAULT JUDGMENT

Pursuant to Fed. R. Civ. P. 58, and for the reasons stated by the Court in its Memorandum Opinion, it is hereby

**ORDERED** that the Court enters final judgment against defendants the Islamic Republic of Iran ("Iran") and the Ministry of Information and Security of Iran ("MOIS"), jointly and severally, and in favor of plaintiff Elisa Nili Cirilo Peres Ben-Rafael for damages in the amount of $13,516,839.00, including $5,000,000.00 to plaintiff in her individual capacity for intentional infliction of emotional distress, $4,785,000.00 for prejudgment interest, and $3,731,839.00 to plaintiff as executor of the estate of her husband, David Ben-Rafael, for his wrongful death.

**ORDERED** that the Court enters final judgment against defendants the Islamic Republic of Iran ("Iran") and the Ministry of Information and Security of Iran ("MOIS"), jointly and severally, and in favor of plaintiff Elisa Nili Cirilo Peres Ben-Rafael in her capacity as guardian of her minor son, Yonatan Mishael Ben-Rafael.  The Court awards damages for the sole benefit of the minor child in the amount of $9,785,000.00, including $5,000,000.00 for intentional infliction of emotional distress and $4,785,000.00 for prejudgment interest.

**ORDERED** that the Court enters final judgment against defendants the Islamic Republic of Iran ("Iran") and the Ministry of Information and Security of Iran ("MOIS"), jointly and severally, and in favor of plaintiff Ralph I. Goldman for damages in the amount of $19,570,000.00, including $5,000,000.00 to plaintiff in his individual capacity for intentional infliction of emotional distress, $4,785,000.00 for prejudgment interest, $5,000,000.00 to plaintiff as executor of the estate of his wife, Helen Goldman, for intentional infliction of emotional distress, and $4,785,000.00 to plaintiff as executor of the estate of his wife, Helen Goldman, for prejudgment interest.

**ORDERED** that the Court enters final judgment against defendants the Islamic Republic of Iran ("Iran") and the Ministry of Information and Security of Iran ("MOIS"), jointly and severally, and in favor of plaintiff Noa Ruth Ben-Rafael[1] for damages in the amount of $9,785,000.00, including $5,000,000.00 for intentional infliction of emotional distress and $4,785,000.00 for prejudgment interest.

**ORDERED** that the Court enters final judgment against defendants the Islamic Republic of Iran ("Iran") and the Ministry of Information and Security of Iran ("MOIS"), jointly and severally, and in favor of plaintiff Judith Goldman Baumgold for damages in the amount of $4,892,500.00, including $2,500,000.00 for intentional infliction of emotional distress and $2,392,500.00 for prejudgment interest.

**ORDERED** that the Court enters final judgment against defendants the Islamic Republic

---

[1]Noa Ruth Ben-Rafael was a minor when plaintiffs filed their complaint on April 21, 2006; however, Noa Ruth Ben-Rafael has reached the age of majority under District of Columbia law. *See* D.C. Code Ann. § 46-101 (2001). Therefore, the Court recognizes Noa Ruth Ben-Rafael as a separate plaintiff in this action.

2

of Iran ("Iran") and the Ministry of Information and Security of Iran ("MOIS"), jointly and

severally, and in favor of plaintiff Naomi L. Goldman for damages in the amount of

$4,892,500.00, including $2,500,000.00 for intentional infliction of emotional distress and

$2,392,500.00 for prejudgment interest.

ORDERED that the Clerk of the Court is to arrange for this Order to be translated into

Farsi and cause a copy of the Order and translation thereof to be transmitted to the United States

Department of State for service upon defendants the Islamic Republic of Iran ("Iran") and the

Ministry of Information and Security of Iran ("MOIS") through diplomatic channels.

SO ORDERED.

_____/s/_____

ELLEN SEGAL HUVELLE
United States District Judge

Date: February 25, 2008

3

*8-716 ESH*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Elisa Ben-Rafael Goldman, Judith Goldman Baumgold, Naomi Goldman    *99999*

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Emil Hirsch (DC Bar No. 930479), O'Connor & Hannan, LLP, 1666 K Street, N.W., Suite 500, Washington, D.C. 20006-2803, Telephone: (202) 887-1400, Facsimile: (202) 466-3215 Email: ehirsch@oconnorhannan.com

Philip S. Friedman (D.C. Bar No. 421854), Friedman Law Offices, PLLC, 2401 Pennsylvania Avenue, N.W., Washington, D.C. 20037, Telephone: (202) 293-4175, Facsimile: (202) 318-0395, Email: psf@consumerlawhelp.com

## DEFENDANTS

*Islamic Republic of Iran, etal*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00716
Assigned To : Huvelle, Ellen S.
Assign. Date : 4/25/2008
Description: PI/Malpractice

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust

☐ 410 Antitrust

### ◉ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

⑨

| O **G. Habeas Corpus/ 2255** | O **H. Employment Discrimination** | O **I. FOIA/PRIVACY ACT** | O **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O **K. Labor/ERISA (non-employment)** | O **L. Other Civil Rights (non-employment)** | O **M. Contract** | O **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
28 U.S.C. §1605A. Damages For Death Caused By State Sponsor of Terrorism

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  **DEMAND $** _____  Check YES only if demanded in complaint
**JURY DEMAND:**  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction)  YES ☒  NO ☐  If yes, please complete related case form.

DATE  4-25-08    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.