UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELISA NILI CIRILO PERES BEN-RAFAEL**, Individually and as Next of Kin of Yonatan Mishael Ben-Rafael and Noa Ben-Rafael, minors, and as Executor of the Estate of David Ben-Rafael, **RALPH I. GOLDMAN**, Individually and as Executor of the Estate of Helen Goldman, **JUDITH GOLDMAN BAUMGOLD, AND NAOMI GOLDMAN**,<br><br>                                  **Plaintiffs**,<br><br>v.<br><br>**ISLAMIC REPUBLIC OF IRAN**,<br><br>                                  **Defendant**. | Civil Action No. 08-00716 (ESH) |

**MOTION OF JUDGMENT CREDITORS FOR ORDER
AUTHORIZING JUDGMENT CREDITORS TO PURSUE ATTACHMENT
IN AID OF EXECUTION AND EXECUTION OF FINAL JUDGMENT**

(1) Elisa Nili Cirilo Peres Ben-Rafael, individually and in her capacities as Executor of the Estate of her husband David Ben-Rafael ("Decedent"), individually and as Next of Kin of Yonatan Mishael Ben-Rafael and Noa Ben-Rafael, (2) Yonatan Mishael Ben-Rafael, (3) Noa Ben-Rafael, and (4) Ralph I. Goldman, individually and in her capacity as executor of the Estate of Helen Goldman (collectively, the "Judgment Creditors"), pursuant to Rule 7 of the Federal Rules of Civil Procedure and 28 U.S.C. §1610(c), hereby move this Court for an Order holding that the Judgment Creditors are authorized to pursue attachment in aid of execution and in execution of the Default Judgment entered by this Court on February 25, 2008 and converted into a final judgment pursuant to Rule 54(b), Fed. R. Civ. P., and the grant of subject matter jurisdiction in 28 U.S.C. §1605A by Order of this Court entered on June 18, 2010 ("Final

Judgment") on behalf of the Judgment Creditors and against Defendant Islamic Republic of Iran ("Iran").

In support of this Motion, the Judgment Creditors state as follows:

1. On February 25, 2008, this Court entered an Order and Judgment by Default in favor of the Judgment Creditors and against Iran and the Ministry of Information and Security ("MOIS") in the aggregate amount of $62,441,839.08 (exclusive of post-judgment interest). The Default Judgment was entered in Civil Action No. 06-00721 (ESH) ("*Ben-Rafael I*") and published in *Ben-Rafael v. Islamic Republic of Iran,* 540 F.Supp.2d 39, 60-61 (D.D.C. 2008)(Huvelle, J.).

2. Following the entry of the Default Judgment Order in *Ben-Rafael I*, the Judgment Creditors instituted a second action styled *Elisa Nili Cirilo Peres Ben-Rafael, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 08-0716 (ESH). In this 2008 action, the Judgment Creditors sought *inter alia* the entry of final judgment against Iran, MOIS, and the Revolutionary Guard Corp pursuant to Rule 54(b), Fed. R. Civ. P. and pursuant to the then-recently enacted grant of subject matter jurisdiction under 28 U.S.C. §1605A. On June 18, 2010, this Court entered final judgment pursuant to Rule 54(b) but only against Iran.[1] The judgment was again in the total amount of $62,441,839.08. In a second published opinion, *Ben-Rafael v. Iran,* 718 F.Supp.2d 25 (D.D.C. 2010) ("*Ben-Rafael II*"), and in accord with the grant of jurisdiction set forth in 28 U.S.C. §1605, this Court held "based upon its findings of fact and conclusions of law from Ben-Rafael that a default judgment against the defaulting defendant Iran" was warranted. *See id.* 718 F.Supp.2d at 31.

---

[1] This action under §1605A against MOIS was dismissed without prejudice and the action against the Revolutionary Guard Corp was dismissed for lack of jurisdiction.

3.      Service by diplomatic channels was ordered by the Court.  Pursuant to 28 U.S.C. §1608(e), diplomatic service is achieved by sending a copy of such default judgment to the foreign state pursuant to the service procedures set forth in 28 U.S.C. §1608(a).

4.      Service was attempted on Iran pursuant to 28 U.S.C. §1608(a)(3).  *See* Exhibit A.  The Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. §1608(a)(3), provides that service be effectuated against a foreign state and its agencies and instrumentalities by sending copies of the Default Judgment Order and Notice of Suit, along with a translation of each in the official language of the foreign state, to the Ministry of Foreign Affairs by a mailing requiring a signed receipt.  In early May 2012 the Ministry of Foreign Affairs returned the mailed documents unopened with the notation on the envelope "Not Acceptable M.O.F."

5.      If service cannot be effected under §1608(a)(3), the Clerk then transmits these papers to the Secretary of State, to the attention of the Director of Special Consular Services pursuant to 28 U.S.C. §1608(a)(4).  Under §1608(a)(4), the Secretary is charged with transmitting these papers to the foreign state through diplomatic channels, and with sending to the Clerk of the Court "a certified copy of the diplomatic note indicating when the papers were transmitted." 28 U.S.C. §1608(a)(4).  Under 28 U.S.C. §1608(c), service is deemed to have been made under §1608(a)(4) as of the date of transmittal indicated in the certified copy of the diplomatic note.

6.      Service was attempted on Iran pursuant to 28 U.S.C. §1608(a)(4).  Confirmation of attempted service was filed with the Clerk of the Court on or about June 27, 2012, by William P. Fritzlen, Attorney Adviser, United States Department of State's Office of Policy Review and Interagency Liaison.  Exhibit B.  According to the letter from Mr. Fritzlen and as required by §1608(a)(4), copies of the Default Judgment Order and Notice of Default Judgment in *Ben-*

*Rafael I* and *Ben-Rafael II* were transmitted by diplomatic note and served on the Iranian Ministry of Foreign Affairs by the Embassy of Switzerland in Bern, Switzerland, on May 16, 2012.  The Iranian Ministry of Foreign Affairs refused service and returned the diplomatic notes and enclosures that same day to the Foreign Interests Section of the Swiss Embassy in Teheran.  The Judgment Creditors, thus, have met all of the requirements under the FSIA for effectuating service of the February 25, 2008 and June 18, 2010 Default Judgment Orders against Iran and MOIS.

      7.      Attachments in aid of execution or execution of a Judgment against a foreign state or the agencies or instrumentalities of a foreign state, which is not immune under §1605A, are not permitted, at least in the United States, as to assets located within the United States until the Court has ordered, pursuant to 28 U.S.C. §1610, that such attachment and execution is authorized "after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e)" of the FSIA.

      8.      Rule 62(a) of the Federal Rules of Civil Procedure provides that all defendants, domestic and foreign, are entitled to 14 days after the entry of judgment, excluding weekends and holidays, before a writ of attachment may be issued against them.  Further, this Court has held in a case where the foreign government participated, that six weeks after the entry of judgment is a sufficient period of time to satisfy the requirements of §1610 because "[s]uch a period of time is sufficient for most governments to pass the minor legislation necessary to appropriate funds and organize and transfer the appropriate assets." *Ned Chartering and Trading, Inc. v. Republic of Pakistan,* 130 F. Supp.2d 64, 67 (D.D.C. 2001).  However, where as here, the defendant country, *i.e.,* Iran, has refused to accept process after it was physically

4

delivered, the reasonable time period is extremely brief. Since Iran has refused to accept service, it obviously has no intent of ever paying this judgment.

9. Indeed, in every case since 1998 where a default judgment has been obtained against Iran, Iran has refused to accept diplomatic service. Moreover, both the February 25, 2008 Default Judgment Order and the June 18, 2010 Final Judgment were published in the Federal Supplement 2d along with scores of other similar opinions containing judgments against Iran. Iran is fully aware that the cases are so reported as it will appear in court, usually in foreign courts, to oppose domestication of those judgments. Neither Iran nor MOIS have taken any steps to satisfy the Default Judgment Order or the Final Judgment since they were published.

10. Iran refused diplomatic service in this case on May 16, 2012 - - just as it has in every prior case for the past 14 years. It has been more than six weeks since Iran refused service. Under these circumstances, a reasonable time period as that term is used in 28 U.S.C. §1610(c) has elapsed and the Judgment Creditors are entitled to a finding that they are authorized to pursue an attachment in aid of execution and execution of the February 25, 2008 and the June 18, 2010 Judgments against Iran.

11. The Judgment Creditors respectfully request this Court to expedite, to the extent possible, the consideration of the instant motion and the entry of an Order thereon, insofar as the Judgment Creditors herein currently have an opportunity, along with certain other §1605A judgment creditors, to pursue attachments and execution of certain assets. This opportunity is time sensitive in nature.

WHEREFORE, for the reasons set forth above, the Judgment Creditors respectfully request that the Court enter an Order holding that the Judgment Creditors are authorized to

pursue attachment in aid of execution and execution of the Judgment entered by this Court on February 28, 2008 and June 18, 2010 against Iran.

Dated:  June 29, 2012                    Respectfully submitted,

                                        /s/Paul L. Knight
                                        Paul L. Knight (D.C. Bar #911594)
                                        Nossaman LLP
                                        1666 K Street, NW, Suite 500
                                        Washington, DC  20036
                                        Email:  pknight@nossaman.com
                                        Telephone:  (202) 887-1400
                                        Facsimile:  (202) 466-3215